JONASSON v. HERRICK et ux.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. ATTACHMENT—GROUNDS—AFFIDAVIT.

In order to justify granting an attachment, plaintiff must show by affidavit that one of the causes of action specified in Code Civ. Proc. § 635, exists in his favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, § 263.]

2. SAME—EVIDENCE.

Where, in a suit against husband and wife to recover money embezzled by the husband, an attachment was sought to reach certain furniture and jewelry in the possession of the wife, on the theory that they had been purchased with the fruits of the husband's crime, to the wife's knowledge, but there was no allegation of fact to show that the articles sought to be recovered from the wife's possession were purchased with the embezzled funds, or during or since the period covered by the embezzlement, except a statement of plaintiff's belief, unsupported by any fact, the attachment could not be sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, §§ 242–257.]

Appeal from Special Term.

Action by Joseph Jonasson against Frederick J. Herrick and wife. From an order denying defendants' motion to vacate a warrant of attachment, they appeal. Reversed. Motion granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

R. M. S. Putnam, for appellants.

I. Gainsburg, for respondent.

SCOTT, J. The defendants appeal from an order denying their motion to vacate an attachment. The defendants are husband and wife. Frederick J. Herrick was formerly plaintiff's bookkeeper, and embezzled from his employer a large sum of money, for which he was indicted, pleaded guilty, and is now serving a term in prison. The purpose of the attachment is to reach certain articles of furniture and jewelry in the possession of Grace Herrick; the theory of the action being that they were purchased with the fruits of Frederick J. Herrick's crime, that his wife knew whence the money came with which they were purchased, that the plaintiff is entitled to recover them, and that the defendant Grace Herrick is guilty of conversion in refusing to give them up.

There is absolutely no evidence of the essential facts to sustain such an action. In order to justify the granting of a warrant of attachment, it is essential that the plaintiff shall show by affidavit that one of the causes of action specified in section 635 of the Code of Civil Procedure exists in his favor, and when the facts alleged wholly fail to show that such a cause of action exists the attachment necessarily falls. In the present case there is not alleged a single fact tending to show that the articles sought to be recovered from the possession of Grace Herrick were purchased with any part of the money embezzled by her husband, or even during or since the period covered by such embezzlement. There is only a statement of plaintiff's belief, unsupported by any fact. Of course, an action will lie against Frederick J. Herrick; but no ground for the issuance of an attachment against him is stated.

The order must be reversed, with $10 costs and disbursements, and the motion granted. All concur.